UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHL VARIABLE INSURANCE COMPANY

    Plaintiff,

-vs-

BRUCE S. UDELL

    Defendant.

_____/

CASE NO. 6:11-CV-1326-ORL-28GJK

## COMPLAINT

PHL Variable Insurance Company ("PHL"), by and through its undersigned attorneys, and by way of its Complaint (the "Complaint") against Defendant, Bruce S. Udell (the "Defendant") hereby states as follows:

### INTRODUCTORY STATEMENT

1. PHL is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at One American Row, Hartford, Connecticut, and it is qualified and authorized to conduct business in the State of Florida.

2. Upon information and belief, Defendant is a citizen of the state of Florida.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332(a)(1) as it is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. Section 1391(a) as this is the judicial district in which a substantial part of the events giving rise to the subject claim occurred and in which the Defendant resides and is subject to personal jurisdiction.

## FIRST COUNT

4. PHL repeats and restates each and every allegation contained in Paragraphs 1 through 3 of this Complaint, as if fully rewritten herein.

5. On or about August 27, 2002, Defendant entered into an Independent Producer Contract (the "Agreement") with PHL's affiliate Phoenix Life Insurance Company. A true and exact copy of the Agreement is attached hereto as Exhibit A.

6. On or about August 27, 2002, Defendant entered into a Subsidiary Contract with PHL, which incorporated the terms of the Agreement by reference. A true and correct sample of the Subsidiary Contract is attached hereto as Exhibit B.

7. The Agreement provides for, among other things, compensation to Defendant in connection with the sale by Defendant of insurance and annuity products issued by PHL.

8. The Agreement further provides that the contract may be modified in whole or in part from time to time through standard Company communication procedures and that such modifications made after the date of the Agreement shall govern. See Agreement, Page 3, Section 8 – Modification of Contract.

9. In July 2007, PHL amended the Agreement (the "Amendment"). A true and exact copy of the Amendment is attached hereto as Exhibit C.

10. The Amendment requires that if Defendant is paid any compensation for the sale of a policy that has been enhanced with an Alternate Surrender Value Rider and the policy is subsequently surrendered, the Defendant shall repay to PHL the lesser of: 100% of the total commission paid for the policy; or the amount of any cash surrender value enhancement due to such rider. See Amendment (Exhibit C), Footnote (c).

11. On or about September 28, 2008, PHL paid Defendant commissions for the sale of a certain life insurance policy #XXXX0015 (the "Policy") in the total sum of Ninety-Five Thousand Four Hundred Nineteen and 95/100 Dollars ($95,419.95). On or about October 15, 2007, PHL paid Defendant additional commissions for the sale of the Policy in the sum of Ten Thousand Four Hundred Five and 04/100 Dollars ($10,405.04).The total commissions paid to Defendant for the sale of the Policy was One

Hundred Five Thousand Eight Hundred Twenty-Four and 99/100 Dollars ($105,824.99).

12. On or about April 30, 2009, the Policy was surrendered by the First Insurance Funding Corp., the collateral assignee on the Policy. As a consequence thereof, PHL paid an enhanced cash surrender value which was greater than the total amount of commissions paid for the policy.

13. As a result of the payment by PHL of the enhanced cash surrender value, Defendant was, pursuant to the terms of the Amendment, required to repay to PHL the commissions paid to him on the sale of the Policy in the sum of One Hundred Five Thousand Eight Hundred Twenty-Four and 99/100 Dollars ($105,824.99).

14. PHL has offset Defendant's trailing commissions against the amount owed. Defendant is indebted to PHL in the sum of Ninety-Two Thousand Nine Hundred Sixty and 24/100 Dollars ($92,960.24).

15. PHL has duly demanded payment of said sum from Defendant, but Defendant has failed and refused to pay any portion of said sum.

16. Defendant has breached the Agreement by his failure and refusal to pay any portion of the $92,960.24. As the result of the aforesaid, there is due and owing to PHL from Defendant, the sum of Ninety-Two Thousand Nine Hundred Sixty and 24/100 Dollars ($92,960.24), with interest thereon.

WHEREFORE, PHL demands judgment against Defendant for damages, court costs, interest and attorneys fees to the extent provided by applicable law; and such other further relief this Court deems just and proper under the circumstance.

## SECOND COUNT

17. PHL repeats and realleges each and every allegation contained in paragraphs 1 through 15, inclusive, of this Complaint as if set forth fully herein.

18. As a consequence of the surrender of the Policy and the payment by PHL of the enhanced cash surrender value, Defendant was, pursuant to the terms of the Amendment, required to repay to PHL the commissions paid to him on the sale of the Policy in the sum of One Hundred Five Thousand Eight Hundred Twenty-Four and 99/100 Dollars ($105,824.99).

19. PHL has offset Defendant's trailing commissions against the amount owed. Defendant is indebted to PHL in the sum of Ninety-Two Thousand Nine Hundred Sixty and 24/100 Dollars ($92,960.24).

20. Defendant has been unjustly enriched by his retention of the aforesaid sum of Ninety-Two Thousand Nine Hundred Sixty and 24/100 Dollars ($92,960.24), to which he is not entitled.

21. PHL has been damaged by said unjust enrichment of Defendant.

WHEREFORE, PHL demands judgment against Defendant for damages, court costs, interest and attorneys fees to the extent provided by applicable law; and such other further relief this Court deems just and proper under the circumstance.

### THIRD COUNT

22. PHL repeats and realleges each and every allegation contained in paragraphs 1 through 15, inclusive, of this Complaint as if set forth fully herein.

23. Defendant is indebted to PHL in the sum of Ninety-Two Thousand Nine Hundred Sixty and 24/100 Dollars ($92,960.24), together with interest upon an account stated between them, and has failed to pay to PHL said sum upon demand. Payment has been demanded, but it has not been made.

WHEREFORE, PHL demands judgment against Defendant for damages, court costs, interest and attorneys fees to the extent provided by applicable law; and such other further relief this Court deems just and proper under the circumstance.

## FOURTH COUNT

24. PHL repeats and realleges each and every allegation contained in paragraphs 1 through 15, inclusive, of this Complaint as if set forth fully herein.

25. Defendant has converted property belonging to PHL by intentionally and wrongfully retaining the aforesaid sum and refusing to repay it to PHL, although repayment thereof has been duly demanded.

26. PHL has been damaged by Defendant's conversion of its property.

WHEREFORE, PHL demands judgment against Defendant for damages, punitive damages, court costs, interest and attorneys fees to the extent provided by applicable law; and such other further relief this Court deems just and proper under the circumstance.

By: _____
JOHN R. BELLO, JR., Esquire
Florida Bar No. 611395
CHORPENNING, GOOD, GIBBONS & BELLO
3321 Henderson Boulevard
Tampa, Florida 33609
(813) 877-9230
(813) 877-9290 – facsimile
jbello@gibblaw.com
COUNSEL FOR PLAINTIFF

i:\insurance\jbello\phl variable\complaint.doc